UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MERRILL LYNCH BUSINESS FINANCIAL
SERVICES INC.,

                           Plaintiff,

                           -against-

D.M.S. DIAMOND CO., INC., MARC STEINBERG, and
"JOHN DOE #1" THROUGH "JOHN DOE #12", the last
twelve names being fictitious and unknown to plaintiff,
being persons having or claiming an interest in or lien
upon the Collateral described in the complaint,

                           Defendants.
------------------------------------------------------------------------x

07 CV 7048 (LAP)

**DECLARATION OF
WILLIAM SARDEGNA**

     I, William Sardegna, declare as follows:

     1. I am an Assistant Vice President of plaintiff Merrill Lynch Business Financial Services Inc. ("MLBFS"). I make this declaration, on personal knowledge, in support of plaintiff's motion for summary judgment against defendants D.M.S. Diamond Co., Inc. ("DMS") and Marc Steinberg on the note and guaranty they gave to MLBFS.

     2. On November 24, 1997, defendant DMS and plaintiff entered into a WCMA Note, Loan and Security Agreement ("WCMA Note", Ex. A), under which plaintiff granted DMS a $300,000 commercial line of credit. (Ex. A, ¶ 1(xiv).)

     3. Under the WCMA Note, DMS promised to repay the plaintiff, on maturity or default, all sums of all monies that the plaintiff lent to DMS, including interest, attorneys' fees and any late fees. DMS, moreover, waived presentment, demand for payment, protest, notice of protest, notice of dishonor, notice of acceleration, notice of intent to accelerate and all other notices and formalities. (Ex. A, ¶ 2.)

4. Additionally, under the WCMA Note, DMS granted MLBFS a first lien on its business assets as collateral for the loan. (Ex. A, ¶ 4(e).)

5. In order to further induce plaintiff to enter into the WCMA Note, on November 24, 1997, defendant Steinberg gave plaintiff his absolute and unconditional guaranty (the "Guaranty") of DMS's indebtedness and promised to repay the entire indebtedness to plaintiff upon a default of the WCMA Note. (Ex. B.) At all relevant times, defendant Steinberg was a principal of DMS.

6. The line of credit established under the WCMA Note initially matured on November 30, 1998 (Ex. A, ¶ 1(a)(viii)), but it was extended annually, subject to, in MLBFS's discretion, DMS's continued satisfactory credit condition. In 1999, the line of credit was increased to $400,000. (Ex. C.)

7. As noted above, under the WCMA Note, DMS promised to repay the line of credit at maturity (Ex. A, ¶ 2), and the uncured failure to make payment when due constitutes an "Event of Default." (Ex. A, ¶ 8(a).) Further, DMS was required to furnish plaintiff with certain financial information during the term of the loan. (Ex. A, ¶ 5.) The uncured breach of this provision also constitutes an Event of Default under the WCMA Note. (Ex. A, ¶ 8(b).) When an Event of Default occurs, MLBFS is entitled to terminate the WCMA line of credit and accelerate the indebtedness. (Ex. A, ¶ 9 (a)(i) & (ii).)

8. DMS's line of credit matured by its terms on February 28, 2006, but MLBFS determined not to renew it due to DMS's poor payment performance and insufficient collateral support. DMS was notified of this determination by letter dated February 15, 2006, and MLBFS demanded full repayment. (Ex. D.)

9. DMS failed to fully repay the loan and this constituted an Event of Default. (Ex. A, ¶ 8(a).) This also constituted a breach under the Guaranty entitling plaintiff to recover from defendant

Steinberg. (Ex. B.)

10. On February 22, 2006, defendant Steinberg informed MLBFS that DMS would voluntarily fully repay the outstanding loan balance by making monthly $8,000 payments through August 2006, at which time he would pay the balance by refinancing with a local bank. Prior to MLBFS preparing a written agreement to memorialize this proposal (the WCMA Note contains a merger clause, Ex. A ¶ 10(o) and we document all amendments in writing signed by all parties), MLBFS conducted a lien search on DMS's assets. This search revealed that DMS, without MLBFS's knowledge, had granted a security interest in its assets to Sterling Bank on January 2005. The WCMA Note forbids the granting of a security interest in plaintiff's collateral without its written permission. (Ex. A, ¶ 1(a)(xvi), ¶ 4(e) and last par on p. 6.) Therefore, MLBFS decided not to approve the proposed repayment plan and never prepared documentation or other writings for DMS's execution.[1]

11. On March 24, 2006, MLBFS informed DMS and Steinberg of the Event of Default and demanded full repayment and additional documentation required under the WCMA Note, including documents for the Sterling Bank loan. (Ex. E.) Defendant failed to comply with this demand.

12. Plaintiff commenced this action by filing the complaint (Ex. F); defendants have answered raising affirmative defenses addressed in the accompanying memorandum of law. (Ex. G.)

---

1 DMS has continued to make $8,000 monthly payments which have been credited to the loan balance, but are without prejudice to MLBFS's rights to accept same. The WCMA Note provides that plaintiff's acceptance of a "lesser amount than shall be due from" defendant "shall not be deemed an accord and satisfaction or anything other than a payment on account". (Ex. A, ¶ 3(c).) Moreover, defendant DMS agreed in the WCMA Note that plaintiff's acceptance of such lesser amount shall not "prejudice" plaintiff's right to recover the "balance actually due" (*id.*) – i.e., the accelerated debt. In addition, defendant DMS agreed that "no failure or delay" on plaintiff's part to exercise its rights or remedies would preclude plaintiff from later exercising such rights or remedies. (Ex. A ¶ 10(a).) Defendant DMS also agreed that any waiver of any provision of the WCMA Note or "any consent to any departure by [defendant] therefrom, shall" not be effective unless in writing. (Complaint Ex. A ¶ 10(o).) As noted, there was never any such writing even prepared for execution. Moreover, defendant Steinberg's Guaranty explicitly provides that his liability "shall in no event be affected or impaired" by "any application of payments or credits" by plaintiff. (Ex. B, third ¶, (e).)

3

13. As of November 1, 2007, defendants owe MLBFS the sum of $311,313.13, which includes interest due under the WCMA Note through such date and late fees, but is exclusive of further accrued interest, attorneys' fees and other collection costs specifically recoverable under the WCMA Note. This amount gives defendants credit for the $8,000 monthly payments. A copy of the October 2007 account statement is attached as Ex. H.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the date set forth below.

DATED this 12th day of November 2007

_____
William Sardegna

4