UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                       :

MERRILL LYNCH BUSINESS FINANCIAL      :
SERVICES INC.,                                :       07 CV 7048 (LAP)
                                                          :

                        Plaintiff,         :
                                                            :

                      -against-         :
                                                            :

D.M.S. DIAMOND CO., INC., MARC STEINBERG, and :
"JOHN DOE #1" THROUGH "JOHN DOE #12", the last  :
twelve names being fictitious and unknown to plaintiff,  :
being persons having or claiming an interest in or lien  :
upon the Collateral described in  the complaint,         :
                                                            :

                      Defendants.        :
                                                            :
------------------------------------------------------------------------x

## PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

In accordance with Fed. R. Civ. P. 56(c) and Local Civil Rule 56.1(a), plaintiff submits the

following statement of material facts as to which there is no genuine issue to be tried.

1.   On November 24, 1997, defendant DMS and plaintiff entered into a WCMA Note, Loan

and Security Agreement ("WCMA Note", Ex. A to the Declaration of William Sardegna, sworn to

November 12, 2007 ("Sardegna Dec.")), under which plaintiff granted DMS a $300,000 commercial

line of credit. (Ex. A, ¶ 1(xiv); all Ex. references are to the Sardegna Dec.)

2.   On November 24, 1997, defendant Steinberg gave plaintiff his absolute and unconditional

guaranty (the "Guaranty") of DMS's indebtedness and promised to repay the entire indebtedness to

plaintiff upon a default of the WCMA Note. (Ex. B.) At all relevant times, defendant Steinberg was a

principal of DMS. (Sardegna Dec. ¶ 5.)

3.   The line of credit established under the WCMA Note initially matured on November 30,

1998 (Ex. A, ¶ 1(a)(viii)), but it was extended annually, subject to, in MLBFS's discretion, DMS's

continued satisfactory credit condition. (Sardegna Dec. ¶ 6.) In 1999, the line of credit was increased to $400,000. (Ex. C.)

4. DMS's line of credit matured by its terms on February 28, 2006, but MLBFS determined not to renew it due to DMS's poor payment performance and insufficient collateral support. DMS was notified of this determination by letter dated February 15, 2006 and MLBFS demanded full repayment. (Ex. D.)

5. DMS failed to fully repay the loan and this constituted an Event of Default. (Ex. A, ¶ 8(a).) This also constituted a breach under the Guaranty entitling plaintiff to recover from defendant Steinberg. (Ex. B.)

6. On March 24, 2006, MLBFS informed DMS and Steinberg of the Event of Default and demanded full repayment and additional documentation required under the WCMA Note, including documents for the Sterling Bank loan. (Ex. E.) Defendant failed to comply with this demand. (Sardegna Dec. ¶ 11.)

7. As of November 1, 2007, defendants owe MLBFS the sum of $311,313.13, which includes interest due under the WCMA Note through such date and late fees, but is exclusive of further accrued interest, attorneys' fees and other collection costs specifically recoverable under the WCMA Note. This amount gives defendants credit for the $8,000 monthly payments. (Ex. H.)

Dated:  New York, New York
        November 12, 2007

SPENCER L. SCHNEIDER (SS-2471)

Attorney for Plaintiff
70 Lafayette Street, 7th Floor
New York, NY 10013
Tel: 212-233-7400
Fax: 212-233-9713
sschneider@slsatty.com

3