O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
MERRILL LYNCH BUSINESS FINANCIAL
SERVICES, INC.,

                                      Plaintiff,

  -against-

D.M.S. DIAMOND CO., INC., MARC
STEINBERG, and "JOHN DOE #1 through
"JOHN DOE #12," the last twelve names
being fictitious and unknown to plaintiff, being
persons having or claiming an interest in or lien
upon the Collateral described in the Complaint,

                                       Defendants.
-------------------------------------------------x

07 CV 7048 (LP)

**DEFENDANTS DMS DIAMOND, INC. AND MARC STEINBERG'S
RESPONSE TO PLAINTIFF'S "UNDISPUTED FACTS" AND
ADDITIONAL STATEMENTS OF DISPUTED, MATERIAL FACTS**

Defendants D.M.S. DIAMOND and MARC STEINBERG hereby submit, in accordance with Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1(b), the following Response to Plaintiff's "Undisputed Facts" and make Additional Statements of Disputed, Material Facts, in correspondingly-numbered paragraphs:

    1. This statement is not disputed.

    2. This statement is not disputed.

    3. This statement is not disputed.

    4. Defendants dispute that defendant DMS had a "poor payment performance". Defendant's credit is and was at that time impeccable. See Declaration of Marc

Steinberg, hereinafter referred to as "Steinberg Declaration", paragraph 14; see also *Id.*, paragraph 8.

5. No, DMS did not fail "…to fully repay the loan…". DMS has been and continues to "fully repay" the loan, with interest and late charges which plaintiff imposes at will. See Steinberg Declaration, paragraphs 8, 12 and 13. And defendants are willing and presently, pre-judgment, able to keep up such payments. *Id.*, paragraphs 14, 15, 18.

6. Plaintiff did in fact inform DMS and Steinberg of a "default event"; however, *since the loans from plaintiff had maxed out*, plaintiff had no right to declare defendants in default based on its alleged failure to provide financial information which would have gone to the issue of further advances, and not to the question of repayment (and there were not to be any more advances, as plaintiff concedes). See Steinberg declaration, paragraphs 10, 11. In addition, defendants did not "fail…to comply…" with plaintiff's demand for additional documentation, in that defendant simply could not **afford** the $6,000 the accountant wanted to do the formal statements plaintiff was demanding. See Steinberg Declaration, paragraph 11. And in any event, plaintiff continues to request financial information from defendants, who continue to provide same as requested, even while this motion is pending. Steinberg Declaration, paragraph 12 and Ex. 3 to said Declaration.

7. With each filing by plaintiff, the sum owed, inclusive of late fees and interest, decreases, such that it is **INCORRECT** to say that DMS owes $311,313.13; as of this writing the sum owed is closed to $303,000. Interest cannot accrue as quickly as plaintiff's counsel's numbers suggest. Declaration of WILLIAM SARDEGNA, Exs. A,B,D and F; Steinberg Declaration, paragraph 12.

## ADDITIONAL STATEMENTS OF UNDISPUTED MATERIAL FACTS MILITATING AGAINST SUMMARY JUDGMENT

8. The defendants have dutifully and regularly paid down the debt owed to plaintiff at the rate of $8,000 per month since March of 2006, including November, 2007. Steinberg Declaration, paras. 8, 13.

9. Plaintiff has accepted, without protest of any kind, each and every payment mentioned in item/paragraph "8" hereinabove. *Id.*, and, perforce, must acknowledge that the principal debt remaining and owing, which was originally $400,000 in March of 2006, is now around, or within a few thousand dollars of $300,000. *Id.*

10. Notwithstanding plaintiff's claim that defendants defaulted in March, 2006, the instant lawsuit was not commenced until August of 2007, 17 months later. Sardegna Declaration, Ex. F.

11. By written communication to defendant Marc Steinberg, plaintiff's William Sardegna wrote that:

> "...Minimum monthly payments of $8,000 and any further lump-sum Payments will be acceptable..." (Ex. 1, Steinberg declaration).

12. By email dated November 1, 2007, plaintiff's counsel attempted to use the specter of a judgment to "induce" the defendants into agreeing to repayment, over time, of the loans owing, but at an interest rate higher than that which presently applies. Ex. 3 to Steinberg Declaration.

13. There are no assets available from which plaintiff can recover its money against the defendants, any more quickly than were the debt to be paid out over time. Steinberg Declaration, paragraphs 14, 15.

14. Plaintiff has not alleged anywhere that it has, as a result of the loans it advanced to the defendants, lost any money; nor does plaintiff claim that, due to

defendants' alleged default, plaintiff has lost any money. Sardegna Declaration; Steinberg Declaration.

## DISPUTED MATERIAL FACTS

15. The plaintiff, by its communications (Ex. 1, Steinberg Declaration) and its conduct in accepting, without protest, consecutive monthly payments from defendants in the sum of $8,000 each for some 20 months (Steinberg Declaration, paras. 8, 11), has agreed to modify the payout/payback term of the loans at issue herein.

16. Plaintiff, in commencing the instant action without a material or substantial default by defendants in the monetary terms of the parties' contracts, has done so in bad faith and with no legitimate end or purpose See generally Steinberg Declaration.

Dated: Mineola, New York
     November 23, 2007

DAVID H. LEDGIN (DL-8188)

David H. Ledgin
Attorney for Defendants DMS Diamond,
  Inc. and Marc Steinberg
1539 Franklin Avenue, Suite 201
Mineola, N.Y. 11501
Tel. 516-747-1210
Fax 516-747-1211
Email: davidledgin@aol.com

-4-