UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
:
MERRILL LYNCH BUSINESS FINANCIAL    :
SERVICES INC.,                       :      07 CV 7048 (LAP)
:
Plaintiff,        :
:
-against-         :
:
D.M.S. DIAMOND CO., INC., MARC STEINBERG, and :
"JOHN DOE #1" THROUGH "JOHN DOE #12", the last :
twelve names being fictitious and unknown to plaintiff, :
being persons having or claiming an interest in or lien :
upon the Collateral described in the complaint, :
:
Defendants.       :
:
------------------------------------------------------------------------x

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN
SUPPORT OF ITS SUMMARY JUDGMENT MOTION**

Defendants' opposition papers have not raised any genuine issues of fact sufficient to withstand summary judgment. As described below: (a) plaintiff has established its main claim through defendants' admissions, and (b) defendants' affirmative defenses are without merit as a matter of law.

<u>Plaintiff Has Established Its Case For Summary Judgment Through Defendants' Admissions</u>

As explained in plaintiff's moving brief, summary judgment is appropriate in an action on a promissory note upon a showing that there is no material question concerning execution and default. *Royal Bank of Canada v. Mahrle*, 818 F. Supp. 60, 62 (S.D.N.Y. 1993).[1] Plaintiff has established the three elements of a promissory note action: the existence of the note (and of the guaranty), the

---

[1] Similarly, in an action on a guaranty, a prima facie case is established by proof of the existence of the instrument and failure to pay. *Johnson & Johnson Finance Corp. v. BSR Realty L.P.*, 1996 WL 546284 at *2 (E.D.N.Y. Sept. 19, 1996).

existence of the debt, and the failure of the defendants to pay the debt. *See Bankers Trust Co. v. F.D. Rich & Co.*, No. 90 Civ. 4827, 1991 WL 221091 at *2 (S.D.N.Y. Oct.16, 1991). Because defendants have conceded each of these elements, summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

      a. Defendants admit the existence of the WCMA Note and of the Guaranty. They acknowledge that the WCMA Note and the Guaranty were initially executed and extended annually for a period of time. (*See* Def. Rule 56.1, ¶¶ 1-3.)

      b. Defendants admit the existence of the debt. They admit that the WCMA Note matured by its terms on February 28, 2006. (*Id.*, ¶ 4.) Defendants further admit that they were notified that the line of credit was not being renewed on February 15, 2006, and that MLBFS demanded full repayment. (*Id.*) Defendants also admit that DMS was informed of an Event of Default and demand for full repayment and additional documentation on March 24, 2006. (*Id.*, ¶ 6 ("Plaintiff did in fact inform DMS and Steinberg of a 'default event'").) As of December 1, 2007, DMS owes MLBFS $305,363.71, plus attorneys' fees. (*See* Reply Declaration of William Sardegna, sworn to December 5, 2007.)

      c. Defendants have not paid the debt. DMS ostensibly disputes that it has "fail[ed] 'to fully repay the loan.'" (Def. Rule 56.1, ¶ 5.) On the contrary, defendants argue, "DMS has been and continues to 'fully repay' the loan," and are "able to keep up such payments." (*Id.*) It is clear from the record, however, that the debt has not been repaid. Elsewhere in its opposition brief, defendants repeatedly acknowledge, both explicitly and implicitly, that the debt has not been repaid.[2]

---

[2] We note that defendants misconstrue the applicable case law. Defendants state that the defendant in *Royal Bank of Canada v. Mahrle*, 818 F. Supp. 60, 62 (S.D.N.Y. 1993), "**intentionally**" defaulted. (Def. Mem., p. 3.) (Emphasis in original.) Neither the WCMA Note nor New York law, however, recognizes a difference between intentional and unin-
(*footnote continued*)

<u>Defendants' Affirmative Defenses Are Meritless</u>

Defendants argue two affirmative defenses: (a) the WCMA Note was modified, either by agreement or by the conduct of the parties; and (b) defendants should be excused from full repayment because of the alleged laches and bad faith of the plaintiff. Both arguments are without merit.[3]

The WCMA Note, which both parties agree is controlling (*See* Def. Rule 56.1, ¶ 1), contains a merger clause requiring any modifications to be expressly set forth in a written agreement signed by MLBFS. (*See* Ex. A to Declaration of William Sardegna, sworn to November 12, 2007 ("Sardegna Dec."), ¶ 10(o).) Such clauses are enforceable in New York. *See Wechsler v. Hunt Health Sys., Ltd.,* 186 F. Supp. 2d 402, 412 (S.D.N.Y. 2002) (citing N.Y. Gen. Oblig. Law § 15-301(1) (McKinney 2004)).

Defendants have produced an email purporting to set forth repayment terms modifying the WCMA Note. (*See* Ex. 1 to Steinberg Dec.; Def. Mem., p. 6.) But this email is not a signed agreement between the two parties. Instead, it is exactly as plaintiff has previously informed the Court: evidence that "[a]lthough the parties had discussed a possible modification, it never came to fruition and was never memorialized in the writing demanded." (Sardegna Dec. ¶ 10.) The text of the email in question is conditional and non-committal. Mr. Sardegna makes a detailed list of financial information that "will be needed as soon as possible." (Ex. 1 to the Steinberg Dec.) He states, "*Upon receipt* of current reporting, *I will be able to review* a 90-day extension as discussed and forward you

---

tentional defaults. Defendants highlight several delays discussed in the case of *Hanam, B.V. v. Kittay,* 589 F. Supp. 1042 (S.D.N.Y. 1984). (*See* Def. Mem., p. 4.) Such delays are not material to the merits of the case. According to defendants, the debtors in *Nutmeg Financial Services, Inc. v. Cowden,* 524 F. Supp. 620 (E.D.N.Y.1981) and *WestRM-West Risk Markets, Ltd. v. Lumbermens Mut. Cas. Co.*, 314 F. Supp. 2d 229, 232 (S.D.N.Y. 2004), "<u>avoid[ed] payment</u>" and "<u>failed to pay</u>," respectively. (Def. Mem., p. 4.) (Emphasis in original.) But just as in those cases, it is clear that the defendants here <u>have not fully repaid</u> the debt. Although it reduces the damages, defendants' $8,000 payments do not limit its liability under WCMA Note or New York law.

3 As there is no relevant discussion anywhere in the opposing brief, defendants appear to have abandoned the first (prior breach of contract) and fourth (impairment of collateral) affirmative defenses.

documentation to sign." (*Id.*) (Emphasis added.) No possible reading of this email could render it an explicit, written, signed agreement, as required by the WCMA Note.

In an attempt to overcome the explicit contractual terms which permit plaintiff to accept lesser amounts without prejudice (*see* plaintiff's opening brief at 6-7), defendants try to argue that plaintiff modified the WCMA Note so as to waive the passing of the Maturity Date and the Event of Default. But these arguments have been rejected by the courts of New York. *See, e.g., Colonie Block & Supply Co. v. D. H. Overmyer Co.*, 35 A.D. 2d 897, 897, 315 N.Y.S. 2d 713 (3rd Dep't 1970) (holding that "since payment of the arrearages . . . was not made in full prior to the commencement of the action, the right of the respondent to exercise its option was not waived. Proper notice of default was given and never cured according to the very terms of the note"); *P.T. Bank Cent. Asia, New York Branch v. Ho Ho Ho Realty Co., Inc.*, 273 A.D.2d 212, 212-213, 709 N.Y.S.2d 116 (2nd Dep't 2000) (finding that defendant "could not reasonably have believed that such [intermittent post-default] payments would result in a waiver of the respondent's rights").

For a course of performance to demonstrate mutual assent to a modification, that performance must be "unequivocally referable" to the modification, and the conduct of the parties must evidence an "indisputable mutual departure" from the written agreement. *Ballard v. Parkstone Energy, LLC*, No. 06 Civ. 13099 (RWS), 2007 WL 4191713 at *14 (S.D.N.Y. Nov. 27, 2007) (citing *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 783 (2nd Cir. 2003). Defendants' argument fails because there is nothing inconsistent with enforcement of the terms of the WCMA Note and acceptance of late payments from DMS. *See Charles T. Driscoll Masonry Restoration Co., Inc. v. County of Ulster*, 40 A.D.3d 1289, 1291, 836 N.Y.S.2d 362 (3rd Dep't 2007) (finding no record that changes to the agreement "were clearly requested by defendant and executed by plaintiff").

As noted in plaintiff's previous submissions, defendants' laches argument is barred by the

4

explicit terms of the WCMA Note. (*See* Memorandum of Law, p. 9; Ex. A to Sardegna Dec., ¶ 3(c); ¶ 10(a).) In addition, since this action is at law to recover damages for breach of contract brought within the applicable statute of limitations, the equitable defense of laches is not available. *See Columbus Trust Co. v. Campolo,* 110 A.D.2d 616, 618, 487 N.Y.S.2d 105 (2nd Dep't 1985), *aff'd* 66 N.Y.2d 701, 496 N.Y.S.2d 425. Accordingly, defendants' laches affirmative defense fails.

Finally, there is no is no evidence in the record to support the claim that plaintiff has committed abuse of process. *See Roeder v. Rogers*, 206 F. Supp. 2d 406, 416 (W.D.N.Y. 2002). Plaintiff has not acted in bad faith or committed an abuse of process by enforcing the terms of the WCMA Note and Guaranty.

Defendants' affirmative defenses are factually unsupported and legally groundless. *See Celotex Corp. v. Catrett*, 477 U.S. at 323-24. Consequently, plaintiff's summary judgment motion should be granted.

### Conclusion

For the foregoing reasons, it is respectfully requested that plaintiff's motion be granted and that judgment be entered against defendants, plus additional accrued interest and attorneys' fees.

Dated:  New York, New York
         December 6, 2007

SPENCER L. SCHNEIDER (SS-2471)

_____
Attorney for Plaintiff
70 Lafayette Street, 7th Floor
New York, NY 10013
Tel: 212-233-7400
Fax: 212-233-9713
sschneider@slsatty.com